**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **LINDSAY RUTTEN** ) | |
|        *Plaintiff* ) | |
| v. ) | Case No: |
| ) | |
| **KC BARIATRIC, LLC** ) | **JURY TRIAL DEMANDED** |
| *Serve Registered Agent*: ) | |
|    Forbes Law Group, LLC ) | |
|    6900 College Blvd, Ste. 840 ) | |
|    Overland Park, KS 66211 ) | |
|        *Defendant* ) | |

## COMPLAINT

COMES NOW Plaintiff Lindsay Rutten ("Plaintiff"), by and through her attorneys to make the following Complaint against Defendant.

## NATURE OF THE CLAIM

1. This is an employment discrimination case arising under the Americans with Disabilities Act, 42 USC §§12101 – 12213 ("ADA").

2. Plaintiff suffers from a serious heart condition that has required multiple surgeries; Plaintiff's condition, alleged in more detail below, is a "disability" under the ADA.

3. Defendant unlawfully discriminated and retaliated against Plaintiff based on her disability and requests for accommodations.

4. Plaintiff seeks all legal and equitable relief available under 42 USC § 12203, 42 USC § 12117, 42 U.S.C. § 2000e-5, and 42 USC § 1981a, including but not limited to compensatory and punitive damages, back pay, damages for emotional distress, frustration, and humiliation, costs, attorney fees, and other and further equitable relief.

## PARTIES

5. **Plaintiff Lindsay Rutten** is a female citizen of the USA domiciled in Kansas.

6. From approximately November 2017 until April 5, 2019, Plaintiff was employed by Defendant to work at its business located at 23401 Prairie Star Parkway, Lenexa, KS 66227.

7. From approximately November 2017 until April 5, 2019, Plaintiff was an "employee" of Defendants as that term is defined by 42 USC § 12111(4).

8. From approximately November 2017 until April 5, 2019, Plaintiff could perform the essential functions of the job she held with Defendant.

9. From approximately November 2017 until April 5, 2019, Plaintiff was a "qualified individual" as defined by 42 USC § 12111(8).

10. Plaintiff has a "disability" as defined by 42 USC § 12102(1).

11. Plaintiff, now and during her employment with Defendant, suffers from a physical impairment that substantially limits one or more of her major life activities.

12. Plaintiff, now and during her employment with Defendant, has a record of having a physical impairment that substantially limits one or more of her major life activities.

13. Defendant regarded Plaintiff as having a physical impairment that substantially limits one or more of her major life activities.

14. Plaintiff had a medical procedure in May 2018 that resulted in an infection in her heart that, since then, has interfered with the function of Plaintiff's respiratory and circulatory body systems and has caused Plaintiff to suffer pain, dizziness, low blood pressure, fatigue, fainting, headaches, and shortness of breath.

15. **DEFENDANT KC BARIATRIC, LLC ("Defendant")** is a Kansas Limited Liability Company.

16. Defendant owns and operates a medical center that does weight-loss surgery.

17. Defendant owns and operates the business at which Plaintiff was employed to work from approximately November 2017 until April 5, 2019 and did so throughout that time.

18. At all times including and between November 2017 and April 2019, Defendant was an "employer" as that term is defined by 42 USC § 12111(5) because it was engaged in an industry affecting commerce and had 15 or more employees.

## SUBJECT MATTER JURISDICTION

19. This Court has original subject matter jurisdiction over this case pursuant to 28 USC § 1331 because Plaintiff's claims for relief arise under the ADA, which consists of federal statutes and regulations.

## VENUE

20. Venue is proper in this District pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

21. Plaintiff filed a Charge of Discrimination with the EEOC against Defendant. The EEOC assigned the Charge # **536-2019-02079** and file-stamped the Charge on May 25, 2019. A copy of the Charge is attached hereto as **Exhibit A** and is hereby incorporated by reference.

22. On November 29, 2019 the EEOC issued Plaintiff a Notice of Right to Sue for Charge #563-2019-02079. A copy of the Notice is attached hereto as **Exhibit B** and is hereby incorporated by reference.

23. This action has been filed within 90 days after November 29, 2019.

24. 90 days after November 29, 2019 is February 27, 2020.

## FACTS

25. During November 2017, Defendant hired Plaintiff as an employee.

26. Plaintiff was employed by Defendant as "Medical Assistant."

27. On or about May 16, 2018 Plaintiff took a short leave of absence to have a medical procedure done.

28. The procedure Plaintiff underwent on May16, 2018 caused an infection that affected Plaintiff's heart and resulted in the disability alleged in this Complaint.

29. During Plaintiff's employment with Defendant, she made several requests for reasonable accommodations based on her disability in the form of medical leave/absences from work for medical treatment and procedures.

30. Each request for accommodation, leave of absence, work absence, medical leave, medical procedure, and all medical treatment alleged hereinafter related to Plaintiff's alleged disability.

31. On or about May 31, 2018, Plaintiff left work early and went to the Emergency Room.

32. On June 1, 2018, Plaintiff was admitted to the hospital because she was having heart palpitations. She remained in the hospital until approximately June 4, 2018 and thereafter returned to work.

33. When Plaintiff returned to work after June 4, 2018, she discussed her absence, physical condition, and hospitalization with Defendant.

34. On or about June 27, 2018, Plaintiff was admitted to the hospital again.

35. On or about June 28, 2018, Plaintiff was discharged from the hospital and thereafter returned to work.

36. When Plaintiff returned to work after June 28, 2018, she discussed her absence, physical condition, and hospitalization with Defendant.

37. On or about July 18, 2018, Plaintiff was admitted to the hospital and underwent a medical procedure for her heart.

38. On or about July 20, 2018, Plaintiff was discharged from the hospital and thereafter returned to work.

39. When Plaintiff returned to work after July 20, 2018, she discussed her absence, physical condition, and hospitalization with Defendant.

40. The medical procedure Plaintiff underwent on or about July 18, 2018 temporarily alleviated the effects of Plaintiff's heart condition.

41. On or about February 10, 2019, Plaintiff informed Defendant that her symptoms were returning and that she planned on seeking further medical treatment.

42. On or about February 11, 2019, Plaintiff was admitted to the hospital.

43. On or about February 12, 2019, Plaintiff underwent a medical procedure on her heart and was discharged from the hospital.

44. On or about February 18, 2019, Plaintiff returned from work.

45. On or about March 1, 2019, Defendant held a staff meeting wherein he publicly stated that there would be no "cutbacks" at that time and that everyone's job was "secure."

46. Prior to March 1, 2019, there were rumors among the employees that business was slowing down.

47. On or about April 1, 2019, Plaintiff learned that she would be undergoing heart surgery on April 18, 2019.

48. On or about April 1, 2019, Plaintiff notified Defendant that she would be having surgery April 18, 2019 and that she would need to miss work after surgery.

49. On or about April 1, 2019, Plaintiff also notified Defendant that she would be having a PET scan and CT scan before surgery and would need to be late to work on the day those scans were taking place.

50. On April 5, 2019, Defendant fired Plaintiff.

51. Defendant contends that it fired Plaintiff as part of a reduction in force based on economic reasons.

52. As of April 5, 2019, Plaintiff had not used all her vacation time.

53. On April 8, 2019, Plaintiff sent Defendant an email stating her reasonable, good faith belief that her termination was discrimination based on her disability, informing Defendant that she would be filing an EEOC complaint and a discrimination complaint with the state.

54. Defendant never responded to Plaintiff's April 8, 2019 email.

55. Defendant made no effort to contact Plaintiff within thirty (30) days of her April 8, 2019 email.

56. On or before April 18, 2019, Defendant was soliciting applications to fill a "Medical Assistant" job at its business location in Lenexa, Kansas, which is where Plaintiff worked before her termination.

57. Defendant did not contact Plaintiff about its need for a Medical Assistant in April 2019.

58. On or before May 7, 2019, Defendant was soliciting applications to fill a "Medical Assistant" job at is business location in Lenexa, Kansas, which is where Plaintiff worked before her termination.

59. Defendant did not contact Plaintiff about its need for a Medical Assistant in May 2019.

60. As of February 25, 2020, Defendant is soliciting applications for Medical Assistant.

61. Defendant has not contacted Plaintiff about its need for Medical Assistants at any time since the termination of Plaintiff's employment.

62. At all times mentioned herein, before and after, the above described perpetrators were agents, servant and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
## ADA - Disability Discrimination
## 42 USC § 12112

63. Plaintiff incorporates by reference every other allegation made in this Complaint.

64. Plaintiff was an employee of Defendant for purposes of the ADA.

65. Plaintiff was a qualified individual with a disability for purposes of the ADA.

66. Plaintiff had a record of a disability for purposes of the ADA.

67. Defendant regarded Plaintiff as being disabled for purposes of the ADA.

68. Defendant terminated Plaintiff's employment.

69. Defendant terminated Plaintiff's employment because of her disability.

70. Defendant has provided pretextual reasons for terminating Plaintiff's employment.

71. The termination of Plaintiff's employment directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

72. Defendant refused to consider Plaintiff for job openings that were available after her termination.

73. Defendant refused to consider Plaintiff for job openings that were available after her termination because of her disability.

74. Defendant's refusal to consider Plaintiff for job openings that were available after her termination directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

75. Defendant acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights making Defendant liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she was subjected to unlawful discrimination in violation of the ADA, for compensatory and punitive damages, back pay, equitable relief, costs expended, attorney and expert fees, and for such other relief the Court deems just and proper.

### COUNT II
### ADA – Retaliation
### 42 USC § 12203

76. Plaintiff incorporates by reference every other allegation made in this Complaint.

77. Plaintiff engaged in protected activity by requesting and receiving reasonable workplace accommodations to accommodate her disability.

78. Defendant terminated Plaintiff's employment.

79. Defendant terminated Plaintiff's employment because of her protected activity.

80. Plaintiff engaged in protected activity by opposing what she reasonably believed to be disability discrimination by reporting her good faith belief to Defendant.

81. Defendant refused to consider Plaintiff for job openings that were available after her termination.

82. Defendant refused to consider Plaintiff for job openings that were available after her termination because of her protected activity.

83. Defendant's refusal to consider Plaintiff for job openings that were available after her termination directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

84. Defendant acted outrageously by engaging in retaliatory practices with malice or reckless indifference to Plaintiff's federally protected rights making Defendant liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful interference and retaliation in violation of the ADA, for compensatory and punitive damages, back pay, equitable relief, costs expended, attorney and expert fees, and for such other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all triable issues alleged herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designated Kansas City, Kansas as the place of trial.

**RALSTON KINNEY, LLC**

By:  /s/ *Kenneth D. Kinney*
Thomas F. Ralston, D.Kan. #78212
Kenneth D. Kinney, D.Kan. #78544
4717 Grand Avenue, Suite 250
Kansas City, Missouri 64112
Telephone: (816) 298-0086
Facsimile: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com
**ATTORNEYS FOR PLAINTIFF**