IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDSAY RUTTEN,<br><br>      **Plaintiff,**<br><br>      v.<br><br>KC BARIATRIC, LLC,<br><br>      **Defendant.** | Case No. 20-2081-JAR-KGG |

**MEMORANDUM AND ORDER**

Plaintiff Lindsay Rutten brings this suit against her former employer, KC Bariatric, LLC, alleging it violated the Americans with Disabilities Act ("ADA") by discriminating and retaliating against Plaintiff, which led to termination of her employment. Before the Court is Defendant KC Bariatric, LLC's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay the Proceedings (Doc. 4). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion in part.

**I.    Background**

In November 2017, Plaintiff began working for Defendant as a medical assistant. Partway through her employment, as a condition of her continued employment, Plaintiff signed a contract titled "CONFIDENTIALITY, NON-DISPARAGEMENT, AND ARBITRATION AGREEMENT" ("Agreement"). Plaintiff executed the Agreement on January 25, 2018. In relevant part, the Agreement provides a dispute resolution procedure for potential legal claims between Plaintiff and Defendant, including "claims of wrongful discharge, retaliation [and]

harassment."[1]  The Agreement states that "[i]n the event of a dispute, controversy or claim subject to this provision, the complaining Party shall first notify the other Party in writing thereof."[2]  Then, "[w]ithin thirty (30) days of such notice, Employee and designated representatives of KC Bariatric shall meet at an agreed location to attempt to resolve the dispute in good faith."[3]  If the dispute is not resolved within 30 days of written notification, "the complaining Party shall seek remedies exclusively through arbitration."[4]  "Satisfaction of this mediation requirement is a condition precedent to initiating arbitration proceedings."[5]  The Agreement also specifies that Plaintiff and Defendant's potential legal claims "shall be settled by arbitration and administered by the American Arbitration Association ("AAA") under its Employment Arbitration Rules and Mediation Procedures."[6]  The claims in Plaintiff's Complaint, which both arise under the ADA, fall within the scope of this Agreement.

Plaintiff's employment with Defendant ended on April 5, 2019.  Three days later, Plaintiff sent an e-mail to two management employees of Defendant using e-mail addresses she had previously used to communicate with them.  In her e-mail, Plaintiff stated that she believed her termination was the result of disability discrimination.  She notified them that she would be "filing an EEOC complaint, as well as a discrimination complaint with the state."[7]  Plaintiff did not receive any response to her e-mail within thirty days and on May 23, 2019, Plaintiff filed a

---

[1] Doc. 5-1 at 2, ¶ 3
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Doc. 10-2 at 6.

charge of discrimination with the EEOC.[8]  Plaintiff received her "Notice of Right to Sue" from the EEOC on November 29, 2019.

Plaintiff filed this lawsuit on February 25, 2020, alleging Defendant engaged in (1) disability discrimination in violation of 42 U.S.C. § 12112; and (2) retaliation in violation of 42 U.S.C. § 12203.  Defendant then filed a motion to compel arbitration, asserting the Agreement required Plaintiff to present her claims in arbitration before filing suit.  In her response, Plaintiff argues that Defendant failed to satisfy the Agreement's condition precedent to arbitration requiring the parties to meet in good faith and mediate after notice is provided by the complaining party.  Thus, Plaintiff contends, she is not required to arbitrate her claims, and the arbitrator does not have authority to determine whether the condition precedent has been satisfied.  Defendant replies that where a valid arbitration agreement has been executed, arbitrators—not courts—have the authority to determine whether a claim is subject to arbitration.  Defendant specifies that the arbitrator has the exclusive authority to decide whether a condition precedent to arbitration has been satisfied.

## II.    Governing Law and Legal Standards

### A.  Arbitration

Pursuant to Section 2 of the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contact."[9]  The purpose of this section is to balance the "'liberal federal policy favoring arbitration' and the 'fundamental principle that arbitration is a matter of

---

[8] *See* Doc. 1-1 at 1.
[9] 9 U.S.C. § 2.

contract.'"[10]  The FAA puts arbitration agreements "on equal footing with other contracts,"[11] requiring courts to enforce such agreements as written and according to the parties' intent unless invalidated by "[g]enerally applicable contract defenses, such as fraud, duress, or unconscionability."[12]  Although the interpretation of contracts is typically a matter of state law, the FAA imposes rules beyond those normally found in state contract law.[13]

Congress designed the FAA "to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate"[14] and, by enacting the FAA, created "a liberal federal policy favoring arbitration agreements."[15]  Section 3 of the FAA instructs "courts to stay litigation on matters that the parties have agreed to arbitrate."[16]  Section 4 instructs "a federal district court to compel arbitration when [the Court] would have jurisdiction over a suit on the underlying dispute."[17]

One party to an arbitration agreement may petition a court to compel another party to arbitrate a claim.  If the court is "satisfied that the making of the agreement" to arbitrate "is not

---

[10] *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 339 (2011) (first quoting *Moses H. Cane Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); then quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).

[11] *Waffle House*, 534 U.S. at 293.

[12] *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

[13] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) ("While the interpretation of an arbitration agreement is generally a matter of state law, . . . the FAA imposes certain rules of fundamental importance." (first citing *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629–30 (2009); then citing *Perry v. Thomas*, 482 U.S. 483, 493 n.9 (1987); and then citing *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989))).

[14] *Volt Info. Scis., Inc.*, 489 U.S. at 478 (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219–20 (1985)).

[15] *Moses H. Cone Mem'l Hosp.*., 460 U.S. at 24.

[16] *Hill*, 603 F.3d at 771 (citing 9 U.S.C. § 3).

[17] *Id.* (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–27)

4

an issue,"[18] then it may grant the motion to compel arbitration. However, "[i]f the making of the arbitration agreement . . . [is an] issue, the court shall proceed summarily to the trial thereof."[19]

### B. Agreements to Arbitrate Arbitrability

"Where ordinary contracts are at issue, it is up to the parties to determine whether a particular matter is primarily for arbitrators or for courts to decide."[20] The Supreme Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether their agreement covers a particular controversy."[21] Courts use presumptions to determine whether disputes under a contract are subject to arbitration.[22] When a contract contains an arbitration provision, "a presumption of arbitrability arises," particularly if the clause is broad.[23] However, "[t]he presumption favoring arbitration does not apply when the dispute itself concerns arbitration."[24] "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."[25] Importantly, the "clear and unmistakable requirement . . . pertains to the parties' manifestation of intent, not the agreement's validity."[26] Accordingly, the Court begins "its analysis by asking whether the parties did or said anything to rebut the presumption that

---

[18] 9 U.S.C. § 4.

[19] *Id.*

[20] *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 32–33 (2014).

[21] *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (first citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002); then citing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)).

[22] *BG Grp.*, 572 U.S. at 32–33.

[23] *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

[24] *Commc'n Workers of Am. v. Avaya, Inc.*, 693 F.3d 1295, 1303 (10th Cir. 2012) (citing *Peabody Holding Co. v. United Mine Workers*, 665 F.3d 96, 102 (4th Cir. 2012)).

[25] *AT&T Techs.*, 475 U.S. at 649 (citing *United Steel Workers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960)).

[26] *Rent-A-Ctr.*, 561 U.S. at 69 n.1.

questions about the arbitrability of an arbitration dispute will be resolved by the courts."[27] The Court does "not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so."[28]

"On the other hand, courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular preconditions for the use of arbitration."[29] One such "particular procedural precondition" is the claim that a party waived its right to arbitration.[30]

If the parties agreed to arbitrate arbitrability, the Court must determine whether a party specially challenges the validity of the agreement to arbitrate arbitrability.[31] The validity of that written agreement "is governed by § 2's provision that [the agreement] shall be valid 'save upon such grounds as exist at law or equity for the revocation of any contract.'"[32] "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."[33] However, if a party specifically challenges the validity of an agreement to arbitrate arbitrability, "the federal court must consider the challenge before

---

[27] *Commc'n Workers of Am.*, 693 F.3d at 1303.

[28] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (quoting *AT&T Techs.*, 475 U.S. at 649).

[29] *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 33 (2014) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 86 (2002)); *see also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 558–59 (1964) ("Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."); *Denhardt v. Trailways, Inc.*, 767 F.2d 687, 690 (10th Cir. 1985); *City of Lenexa v. C.L. Fairley Const. Co.*, 805 P.2d 507, 510 (Kan. Ct. App. 1991).

[30] *BG Grp.*, 572 U.S. at 33 (citing *Moses H. Cane Mem'l Hosp.*, 460 U.S. at 25).

[31] *Rent-A-Ctr.*, 561 U.S. at 69–71.

[32] *Id.* at 69 n.1 (quoting 9 U.S.C. § 2).

[33] *Id.* at 70.

ordering compliance with that agreement under § 4."[34]  "[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate."[35]  Courts "require the basis of [a] challenge to be directed specifically to the agreement to arbitrate before the court will intervene," even if the "agreement to arbitrate" is an agreement to arbitrate arbitrability.[36]

"Summary-judgment-like motions practice may be a permissible and expedient way to resolve arbitrability questions when it's clear no material disputes of fact exist and only legal questions remain."[37]  The Court will "decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration."[38]  "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[39]  A fact is "material" if, under the applicable substantive law, it is "essential for the proper disposition of the claim."[40]  An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[41]

---

[34] *Id.* at 70–71.

[35] *Id.* at 70.

[36] *Id.* at 71; *see also Seahorn v. JC Penney Corp., Inc.*, No. 12-CV-2617-CM, 2013 WL 452793 (D. Kan. Feb. 6, 2013) (applying *Rent-A-Center* and compelling arbitration); *Chen v. Dillard's Inc.*, No. 12-CV-2366-CM, 2012 WL 4127958 (D. Kan. Sept. 19, 2012) (same).

[37] *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 984 (10th Cir. 2014).

[38] *Id.* at 978 (citing *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012)); *see also Patrick Higgins & Co. v. Brooke Corp.*, Case No. 06-4111-JAR, 2007 WL 2317123, at *1 n.2 (D. Kan. Aug. 9, 2007) (citing *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1116 (D. Kan. 2003) (stating that in the context of motions to compel arbitration, courts should apply a standard similar to that applicable in a summary judgment motion)).

[39] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[40] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[41] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**III.     Discussion**

   **A.  Determining the Satisfaction or Failure of the Condition Precedent**

The parties do not dispute that they executed a valid contract which included an arbitration clause on January 25, 2018.  The parties also do not dispute that Plaintiff's claims, which arise under the ADA, are subject to arbitration under the Agreement.  Thus, the Court finds that the parties have a valid agreement to arbitrate and the claims asserted in this action fall within the scope of the arbitration agreement.

The parties dispute the impact of the Agreement's mediation clause on arbitrability.  The mediation clause provides that

> [i]n the event of a dispute, controversy, or claim subject to this provision, the complaining Party shall first notify the other Party in writing thereof.  Within thirty (30) days after such notice, the complaining Party shall seek remedies exclusively through arbitration.  Satisfaction of this mediation requirement is a condition precedent to initiating arbitration proceedings.[42]

Plaintiff contends no part of the Agreement's arbitration clause is enforceable because Defendant failed to engage in mediation with Plaintiff within thirty days of receiving written notice of her potential legal claim.

Whether a party has complied with a procedural requirement of an arbitration provision is a question of procedural arbitrability that is properly decided by the arbitrator.[43]  As the Tenth Circuit explained,

> The [Supreme] Court held in *Wiley* that because procedural questions are often inextricably bound up with the merits of the dispute, they should also be decided by the arbitrator.  Secondly, the adjudication of procedural questions by the courts would needlessly delay the resolution of the dispute.  Thus the court's role is

---

[42] *Id.*

[43] *See Denhardt v. Trailways, Inc.*, 767 F.2d 687, 690 (10th Cir. 1985) ("Procedural arbitrability concerns such issues as 'whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate.'" (quoting *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557 (1964)).

> limited to determining whether the parties submitted the "subject matter" of a particular dispute to arbitration. If so, then any attendant procedural issues are for the arbitrator as well.[44]

In accordance with this mandate, the arbitrator, not the Court, must decide whether the procedural perquisite to arbitration has been met.

### B. Dismissal Versus Stay Pending Arbitration

This Court will stay this proceeding pending the completion of arbitration. The FAA provides that once a court determines the parties have a valid arbitration agreement and that the parties' dispute is within the parameters of that agreement, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had."[45] Here, Defendant requests the Court to "order the parties to arbitrate all claims in Plaintiff's Complaint and dismiss this action, or alternatively stay this action pending arbitration."[46] Plaintiff responds that "a stay, not dismissal, would be appropriate."[47] Having determined the parties have a valid arbitration agreement and that Plaintiff's claims fall within its scope, the proceedings are stayed pending resolution of arbitration.[48]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint or in the Alternative, to Stay the Proceedings (Doc. 4) is **GRANTED in part**. The parties are directed to proceed to arbitration on

---

[44] *Id.* (citing *Wiley*, 376 U.S. at 557).

[45] 9 U.S.C. § 3.

[46] Doc. 5 at 8.

[47] Doc. 10 at 8.

[48] *See Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) ("[W]hen one of the parties petitions the court to stay an action pending compulsory arbitration, 9 U.S.C. § 3's mandatory language is binding, and it is error for the court to dismiss the action.").

9

all of Plaintiff's claims, and the Court accordingly stays the judicial proceedings pending completion of the arbitration process.

**IT IS FURTHER ORDERED BY THE COURT** that the parties shall submit a joint status report informing the Court of the status of mediation no later than July 14, 2020.

**IT IS SO ORDERED.**

Dated: April 29, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
